OPINION
{¶ 1} Defendant-appellant, Franklin D. Bell, pled guilty to a fifth-degree felony charge of attempted domestic violence in violation of R.C. 2923.02 and 2919.25. The trial court, citing R.C. 2929.14(C), sentenced appellant to a maximum 12-month prison term.
 {¶ 2} Appellant's first assignment of error claims that the trial court erred by imposing a maximum prison term for a fifth-degree felony.
 {¶ 3} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the Ohio Supreme Court held that portions of Ohio's statutory sentencing scheme were unconstitutional. Among the statues found unconstitutional was R.C. 2929.14(C), governing the imposition of a maximum prison term. Id. at ¶ 83, 97-99. The Foster court severed this and other sections from the sentencing code and instructed that all cases pending on direct review in which the unconstitutional sentencing provisions were utilized must be remanded for resentencing. Id. at ¶ 104. Because the trial court utilized R.C. 2929.14(C) to impose a maximum prison term, we must remand this case for resentencing consistent with Foster.
 {¶ 4} Appellant's first assignment of error is sustained.
 {¶ 5} Appellant's second assignment of error, claiming that the court imposed an arbitrary and unreasonable sentence based upon appellant's physical appearance, is rendered moot by our disposition of the first assignment of error.
 {¶ 6} The judgment of the trial court is reversed as to sentencing only and the case is remanded for resentencing.
Powell, P.J. and Bressler, J., concur.